UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES RAY CHURCH,                                    Case No. 2:20-cv-10245

      Plaintiff,                                              Judge

v.

MUTUAL OF OMAHA LIFE INSURANCE COMPANY,

      Defendant.

_____

WILLIAM E. GRAY (P45492)
Cochran, Kroll & Associates, P.C.
32398 Five Mile Road
Livonia, MI  48154
(734) 425-2400
_____

## COMPLAINT

NOW COMES Plaintiff, James Ray Church, by his attorneys, the Law Offices of Cochran, Kroll & Associates, P.C., and for Plaintiff's Complaint against Defendant, Mutual of Omaha Life Insurance Company, states as follows:

## NATURE OF ACTION AND JURISDICTION

1.      This is a civil complaint brought under ERISA §502, 29 USC 1132, regarding breach of the terms of an employee benefit plan and breach of fiduciary duty, for the purpose of compelling Defendant, Mutual of Omaha Life Insurance Company, to provide certain disability insurance benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs and attorney fees incurred as a consequence of Defendant, Mutual of Omaha Life Insurance Company's failure to do so.

2.      This court has jurisdiction pursuant to ERISA §§502(e)(1), (f), 29 USC 1132(e)(1),(f), and 28 USC 2201.

3.     Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 USC 1132(e)(2).

## PARTIES AND GENERAL ALLEGATIONS

4.     Plaintiff, James Ray Church, is a participant, within the meaning of ERISA §3(7) 29 USC 1002(7), in an employee benefit plan ("EBP") with short and long term disability benefits ("Defendant Plan") by virtue of his full employment. Plaintiff resides in the City of Clio, County of Genesee, State of Michigan.

5.     The subject Defendant Plan became effective as to Plaintiff on or about the effective date of his group plan which was December 1, 2017, Long Term Disability Claim No. 182390022301, Policy No. GUPR-OBBDS.

6.     Defendant Plan is a group insurance plan within the meaning of ERISA §3(1), (29) USC 1002(1).

7.     Defendant, Mutual of Omaha Life Insurance Company (hereinafter "Mutual of Omaha") is a corporation with a licensing address located in Omaha, Nebraska, that is and was at all pertinent times doing business in this district. Mutual of Omaha is a fiduciary and administrator, within the meaning of ERISA §§3(16), 402(a), (2), 29 USC 1002(16), 1102(a)(2), with respect to Defendant Plan.

8.     The above Defendant Plan has failed to provide any income benefits caused by short and long term disability.

9.     At all times relevant, Plaintiff was employed as a superintendent of a plant facility.

10.    When Plaintiff became employed as a superintendent, he was for all relevant purposes, employed in a full time position.

11. As a superintendent of a plant, Plaintiff's job responsibilities included driving a hi-lo, welding, running presses, supervision of all floor operations, personnel scheduling and disciplinary action.

12. Regarding his employment as a superintendent, Plaintiff was diagnosed with the following disabling conditions:

- Traumatic brain injury;Section 502, 29 USC 1132
- Pseudo seizures;
- Post-traumatic stress disorder;
- Diabetes;
- Loss of comprehension;
- Loss of sustainability to concentrate and social interactions;
- Social disturbance;
- Conversion disorder;
- Depressed mood;
- Nightmares;
- Anxieties; and
- Flashbacks

13. Due to his disabilities, Plaintiff's last date of work as a superintendent for Flex N Gate was on or about May 5, 2018.

14. Plaintiff applied for and his claim was denied by Mutual of Omaha on or about December 19, 2018.

15. Thereafter, Plaintiff filed a timely administrative appeal that was submitted to Mutual of Omaha on or about June 14, 2019. In response to same, Mutual of Omaha again denied Plaintiff's claim for long term disability benefits pursuant to correspondence dated September 18, 2019.

16. Mutual of Omaha appears to contend that Plaintiff's claim for long term disability benefits failed to meet the requirements under its policy because it is excluded under the pre-existing clause which provides that no benefits are paid if any treatment, diagnosis or medications are taken within the 12 months prior to the date that Mr. Church would have become insured under the

policy. Specifically, Mutual of Omaha cites to three dates in which he saw Dr. Malachy Browne, on or about February 10, 2017; March 17, 2017; and July 22, 2017. Mutual of Omaha further admits that this treatment was relative to only the depression, anxiety and post-traumatic stress disorder and does not pertain to his underlying traumatic brain injury and seizure disorder.

17. Mr. Church was involved in a traumatic automobile accident on January 29, 2012, in which he sustained a traumatic brain injury.

18. Following the subject motor vehicle accident, Mr. Church remained disabled and treated on repeated occasions with Dr. Geoffrey Seidel. At an appointment that took place in July 2014, it was noted that Plaintiff had been seizure free for over six months and was advised by Dr. Seidel of the possibility of being able to return back to work within the next following four to eight weeks assuming that he remained seizure free.

19. Unfortunately, Mr. Church did sustain another seizure and was further restricted by Dr. Seidel as a result of this event.

20. However, Mr. Church became seizure free having not sustained a seizure for nearly four years and was released by Dr. Seidel to be able to return back to work.

21. In addition, Mr. Church was required to undergo a physical examination by his employer, Flex N Gate, as a pre-condition for re-employment. He successfully passed that examination and became re-employed by Flex N Gate in November 2017.

22. Following his re-employment by Flex N Gate, Mr. Church was immediately promoted to superintendent of the plant requiring him to work between 60 to 80 hours per week. This added work resulted in an increased level of work-related stress and responsibilities.

23. In the spring of 2018, Mr. Church fell at work as a result of becoming light-headed.

24. On May 9, 2018, Mr. Church experienced a seizure, the first seizure that he had experienced in nearly four years. Since then, Mr. Church has remained disabled from returning back to work by his physician.

25. Plaintiff continues to treat with Dr. Malachy Brown, psychiatrist for his aforementioned disabilities and remains off work to date.

26. In Mutual of Omaha's response to Plaintiff's administrative appeal, Mutual of Omaha claims that Plaintiff's depression, anxiety and post-traumatic stress syndrome are preexisting conditions and do not qualify Mr. Church for benefits under Defendant Plan.

27. Plaintiff claims that these conditions were aggravated by his work, and are thus separate and distinct from his prior condition. Moreover, these impairments are indeed separate and distinct from Mr. Church's seizures and traumatic brain injury which are not preexisting because he had not experienced a seizure for more than twelve (12) months before he became insured for benefits by Mutual of Omaha.

28. Mutual of Omaha failed to have Mr. Church examined for an independent medical examination following the submission of his application for benefits.

29. Plaintiff is receiving social security disability benefits at this time.

30. James Fuller, MA, CRC, interviewed Plaintiff for the purpose of determining whether he is capable of performing any kind of work. Mr. Fuller concluded that there was no available work for Plaintiff to do in light of his restrictions and disabilities.

31. Plaintiff's documented residual and full disability precludes him from performing his job duties as described above as well as to Mutual of Omaha.

32. Premiums were regularly paid in the above-described Defendant Plan and Proof of Loss and demand for both short and long-term payments have been made upon Mutual of Omaha

in a timely fashion by Plaintiff in accordance with Defendant Plan's terms for the monthly indemnity provided by the policy.

33. Plaintiff has provided Mutual of Omaha with all required proof of disability and has complied with the terms of Mutual of Omaha's residual and full disability policy.

34. There should be no dispute over whether or not Plaintiff's treating physicians have completely disabled him from employment as a superintendent of a manufacturing plant.

35. Mutual of Omaha's decision to deny this claim is arbitrary, capricious and without any support whatsoever. The only reasonable explanation for Mutual of Omaha's denial of this claim is bias, self-dealing and/or a complete absence of due process entitling Plaintiff to conduct certain discovery.

36. Mutual of Omaha has wrongfully and without legal basis refused to pay Plaintiff's partial and full disability claims pursuant to its policy and has wrongfully denied Plaintiff's appeal from its decision.

## COUNT I

### ACTION UNDER ERISA SECTION 502(A)(1)(B), 29 USC 1132(a)(1)(B) TO RECOVER FULL BENEFITS

37. Plaintiff incorporates herein by reference paragraphs 1 through 36 as though fully set forth herein.

38. The failure to pay residual and full disability benefits as described above are in direct violation of the terms of Defendant Plan.

39. Defendant Plan has failed to continue payment of disability benefits to Plaintiff despite the recommendations of his physicians and his disabling medical conditions.

40. The failure and refusal of Defendant Plan to pay the benefits owed Plaintiff under Defendant Plan is a breach of the terms and provisions of Defendant Plan.

41. In addition, Defendant Plan has failed to properly and thoroughly investigate Plaintiff's claim in the manner required by ERISA's fiduciary and claims procedural requirements.

42. The action of Defendant Plan caused damage to Plaintiff in the form of the termination of his long-term disability benefits.

43. In addition, because Defendant Plan has terminated the payment of Plaintiff's long-term disability benefits, Plaintiff became ineligible for other benefits provided through his employment such as pension and medical benefits.

## **PRAYER FOR RELIEF**

Plaintiff requests that this Honorable Court grant the following relief:

A. A declaratory judgment pursuant to ERISA Section 502(a)(1)(B), 29 USC 1132(a)(1)(B), and 28 USC 2201, declaring that Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in Defendant Plan in effect at the time benefits became payable and that Defendant Plan has violated its fiduciary duties by failing to pay these benefits.

B. Preliminary and permanent injunctions pursuant to ERISA 502(A)(3), 29 USC 1132(a)(3), and Fed R Civ P 65, enjoining Mutual of Omaha from discontinuing, reducing, limiting or terminating the employee benefits payable to Plaintiff under the Defendant Plan.

C. A full and accurate accounting by Mutual of Omaha of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in proper amount.

D. An Order compelling Mutual of Omaha to pay Plaintiff forthwith the full amount of employee benefits due him and to continue such payments for the period set forth in Defendant Plan including interest on all unpaid benefits.

E. Disgorgement of any profits or gain Mutual of Omaha has obtained as a result of the wrongful action alleged in this Complaint and equitable distribution of any profits or gains to Plaintiff.

F. Reasonable attorney fees and costs pursuant to ERISA Section 502(g)(1), 29 USC 1132(g)(1).

G. Such other relief as may be just and appropriate.

                Respectfully submitted,

Date:  January 30, 2020          s/William E. Gray
Cochran, Kroll & Associates, P.C.
William E. Gray P45492
32398 Five Mile Road
Livonia, MI  48154
(734) 425-2400
wgray@cochranlaw.com

Case 2:20-cv-10245-DPH-EAS   ECF No. 1   filed 01/30/20   PageID.8   Page 8 of 8